NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3197

MARTIN F. SALAZAR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Martin F. Salazar, of Harlem, Georgia, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Stephanie M. Conley, Acting Assistant General Counsel.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3197

MARTIN F. SALAZAR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in AT3443070964-I-1.

_____

DECIDED:   August 7, 2008

_____

Before MAYER, LINN and PROST, Circuit Judges.

PER CURIAM.

Martin F. Salazar appeals the final decision of the Merit Systems Protection Board that dismissed his appeal for lack of jurisdiction. Salazar v. Dep't of Energy, AT-3443-07-0964-I-1 (MSPB Mar. 6, 2008). We affirm.

Salazar retired from the Department of Energy ("agency") on August 26, 2005. In February 2006, he was indicted by a federal grand jury and convicted of two charges: 1) submitting a questionnaire for a national security position in which he falsely represented that he was born in the United States, and 2) submitting an application for retirement in which he falsely stated that he was born in 1954 when he knew he was born in 1958. Based on Salazar's criminal conviction, the agency debarred him from

the award of any federal government contracts, subcontracts or assistance agreements for a period of three years.

Salazar appealed to the board, challenging his debarment and alleging discrimination under Title VII. The administrative judge dismissed his appeal for lack of jurisdiction, and the full board denied Salazar's petition for review. Salazar then timely appealed to this court.

Whether the board has jurisdiction over an appeal is a question of law that we review <u>de novo</u>. <u>Johnston v. Merit Sys. Protec. Bd.</u>, 518 F.3d 905, 909 (Fed. Cir. 2008). The board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdiction by law, rule or regulation. <u>Id.</u> Because no law, rule or regulation gives the board jurisdiction over the debarment of a contractor, it properly dismissed Salazar's debarment challenge. See <u>IMCO, Inc. v. United States</u>, 97 F.3d 1422, 1425 (Fed. Cir. 1996) (noting that challenges to a debarment must be brought in district court).

The board likewise correctly dismissed Salazar's allegations of discrimination based on race, national origin and age. Unless the board otherwise has jurisdiction over an appeal, it does not have authority to review allegations of discrimination. See <u>Cruz v. Dep't of the Navy</u>, 934 F.2d 1240, 1245 (Fed. Cir. 1991) (en banc).

Salazar argues that the board should not have considered the agency's motion to dismiss because he did not receive a copy of this motion until after the filing deadline. The agency's motion was timely filed with the board within the 20 days specified in the administrative judge's September 5, 2005 order. Although Salazar did not receive a copy of this motion until a few days after it was due at the board, he has not established

that he suffered any prejudice as a result of the delay. Salazar filed a timely response to the agency's motion to dismiss and this response was fully considered by the board.

We have considered Salazar's remaining arguments, but find them unpersuasive.